ERNEST NOLAN ET AL. v. LULA H. MOORE ET AL.

No. 1199. Decided March 16, 1903.

**Married Woman—Conveyance by Attorney—Joinder of Husband.**

A married woman, by a power of attorney executed and acknowledged by her alone, may authorize a third person to sell and convey her land; a deed by such attorney, joined in by the husband, satisfies the requirement (Rev. Stats., art. 635) that "the husband and wife shall join in the conveyance of real estate, the separate property of the wife," and her privy examination and acknowledgment of the power of attorney, the requirements as to acknowledgment, and such deed by her attorney and the husband is effective to pass title to her land. (Pp. 343, 344.)

Error to the Court of Civil Appeals for the Fifth District, in an apeeal from Navarro County.

Lula H. Moore and her husband sued Nolan and others for the recovery of land and had judgment. Defendants appealed, and on affirmance obtained writ of error.

*Frost, Neblett & Blanding,* for plaintiffs in error.—The power of attorney executed by Lula H. Moore, the wife of John T. Moore, on 22d of January, 1884, in Jefferson County, Mississippi, appointing James L. Autry her agent and attorney in fact, empowering and authorizing him to sell and convey the specific land in controversy, the instrument having been acknowledged by Mrs. Moore in the manner and form required by law for the conveyance of separate real property of a married woman, considered with the deed subsequently executed jointly by John T. Moore, the husband of Lula H. Moore, and Lula H. Moore, acting by James L. Autry, as her agent, conveying the land in controversy to F. L. Smithey, constituted a valid conveyance, and the two instruments were admissible in evidence on the trial, in proof of the fact, that the title of the land in controversy had been devested by alienation from Lula H. Moore and was vested in the appellants. Rogers v. Roberts, 13 Texas Civ. App., 190; Patton v. King, 26 Texas, 685; Warren v. Jones, 69 Texas, 467; Runnels v. Beldon, 51 Texas, 50; Ellis County v. Thompson, 3 Texas Ct. Rep., 728; Halbert v. Hendrix, 26 S. W. Rep., 911; Halbert v. Bennett, 26 S. W. Rep., 913; Clements v. Ewing, 71 Texas, 372; Bennett v. Montgomery, 3 Texas Civ. App., 222; Hecter v. Knox, 63 Texas, 617; Fullerton v. Doyle, 18 Texas, 13; Slator v. Neal, 64 Texas, 224; Clark v. Wicker, 30 S. W. Rep., 1114.

*Knox & Johnson* and *Simkins & Mays* for defendants in error.—The power of attorney of a married woman, to authorize the conveyance by the agent of her separate property, must be executed and acknowledged by her in the manner prescribed by law for deeds; there being no abandonment or separation between the spouses, the power of attorney to

a third person to sell her land, her husband not joining in the instrument, is a void power, though he clearly assents thereto. Patton v. King, 26 Texas, 685; Cannon v. Boutwell, 53 Texas, 626; Wright v. Blackwood, 57 Texas, 647; Warren v. Jones, 69 Texas, 462; Cardwell v. Rogers, 76 Texas, 37.

The joinder of the husband and wife must be in the same instrument; the law requiring that "the husband and wife shall join in the conveyance" of the separate real estate of a married woman is not met by his merely joining with the agent in the sale of the land, and no title passes, though the sale be made with his consent, such agent's authority depending upon a void power of attorney from the wife, and in which the husband did not join. Sayles' Civ. Stats., arts. 635, 636; Cross v. Everts, 28 Texas, 523; Cannon v. Boutwell, 53 Texas, 626; Cravens v. White, 73 Texas, 577; Ford v. Ballard, 1 Texas Civ. App., 376; Halbert v. Hendrix, 26 S. W. Rep., 911; Scales v. Johnson, 41 S. W. Rep., 828; Scales v. Marshall, 60 S. W. Rep., 336; Thompson v. Johnson, 92 Texas, 358; Illg v. Garcia, 92 Texas, 251; Illg v. Garcia, 45 S. W. Rep., 857.

There was no joinder by John T. Moore, the husband, in the wife's (Lula H. Moore's) power of attorney to J. L. Autry. It was executed in January and at once went to record. Six months afterwards the husband makes a deed to Smithey conveying his wife's separate property. Autry, as the attorney for the wife, signed it. The husband did not in fact, nor by the terms of his deed, refer to, ratify, or profess to join in the power of attorney. The wife did not join in the deed because the power under which Autry acted was invalid and void, and did not and could not operate to clothe him with the power to bind her. Whatever may be the holding, generally, as to the operative force of powers of attorney with reference to the passage of title to real estate, the law of this State is settled that it is a conveyance within the meaning of the statute, and to be operative so as to bind the wife, must be joined in by her husband. The power of attorney was void ab initio as to the wife, her husband never having joined in its execution at any time. Being confessedly void and of no force or effect for six months, it was not within the power of the husband to breathe into it legal vitality by merely executing a deed purporting to convey only his interest in the land, if he had any, although there may have been an attempted execution of the deed by the attorney in fact. Rev. Stats., arts. 635, 636; Speer's Law of Married Women, sec. 98; Cannon v. Boutwell, 53 Texas, 626; Warren v. Jones, 69 Texas, 462; Nolan v. Moore, 6 Texas Ct. Rep., 208; Kellett v. Trice, 3 Texas Ct. Rep., 794; Wallace v. Ins. Co., 45 Am. St. Rep., 295; Long v. Hickingbottom, 64 Am. Dec., 118; Cook v. Walling, 10 Am. St. Rep., 19; Gillespie v. Worford, 2 Cold. (Tenn.), 632; 10 Am. and Eng. Enc. of Law, 2 ed., 810; Daniel v. Mason, 90 Texas, 240; Patton v. King, 26 Texas, 687; Stone v. Sledge, 87 Texas, 49.

BROWN, ASSOCIATE JUSTICE.—On the 22d day of January, 1884, John T. Moore and Lula H. Moore were husband and wife and have so continued down to the present time. They resided at that time in Jefferson County, in the State of Mississippi. In her separate right Lula H. Moore owned in Texas the land in controversy, and on the day above stated, she being at home in Mississippi and John T. being in the State of Texas, the said Lula H. Moore executed and acknowledged, in the manner and form required by the laws of Texas, a power of attorney to James L. Autry, of Navarro County, Texas, by which she empowered and authorized the said Autry to sell and convey the land sued for in this case, as well as other lands in Texas. John T. Moore did not join in the power of attorney, which was forwarded to James L. Autry and recorded in Navarro County on the 14th day of February, 1884. On the 13th day of August, 1884, John T. Moore joined with James L. Autry, who acted under the said power of attorney for Lula H. Moore, in executing a deed which conveyed the land sued for to F. L. Smithey for a cash consideration of $900 then paid. At the date of the trial the land was worth $15 per acre without regard to the improvements, and with the improvements it was worth $30 per acre. On the 16th day of February, 1889, Lula H. Moore, joined by her husband, instituted this suit against the plaintiffs in error, who claimed under Smithey, to recover the land, and judgment was given by the trial court in favor of the plaintiffs, which was affirmed by the Court of Civil Appeals.

The following article of the Revised Statutes prescribes the mode by which a husband and wife may convey real estate, the separate property of the wife: "Art. 635. The husband and wife shall join in the conveyance of real estate, the separate property of the wife; and no such conveyance shall take effect until the same shall have been acknowledged by her privily and apart from her husband, before some officer authorized by law to take acknowledgments to deeds for the purpose of being recorded and certified to, in the mode pointed out in article 4643."

The term "conveyance" as used in the above article signifies the deed which transfers the title from the wife to the purchaser. McCabe v. Heirs of Hunter, 7 Mo., 357. The word "join" means that the husband and wife must unite, that is, act together in the execution of the deed. The question involved in this case is, must the husband and wife each in person execute the same paper, deed or power of attorney to make the conveyance their joint act?

It has been settled by this court that the husband and wife need not personally sign the deed, but may jointly appoint an agent by a power of attorney, duly executed by them, who, acting for both, can make a valid conveyance of the wife's separate real estate. Patton v. King, 26 Texas, 685; Warren v. Jones, 69 Texas, 462. In each of the cases cited, the husband and wife appointed an agent by a power of attorney,

jointly executed by them, and this court held that the conveyance made by such agent was valid.

It has likewise been held by this court that the husband and wife need not execute the conveyance at the same time, but the husband having signed and acknowledged a deed conveying his wife's separate real estate, she may at a subsequent time sign and acknowledge the same instrument and thereby make it effective from the time of her signature and acknowledgment. Halbert v. Bennett, 26 S. W. Rep., 913. In the case last cited, the husband held a power of attorney from his wife empowering him to sell certain land, her separate estate, which he conveyed, signing his wife's name by himself as agent and his own name as her husband. Two years after that date the wife signed and acknowledged the same deed and the Court of Civil Appeals of the Fifth District held the deed to be valid from the time of her signature and acknowledgment. This court refused a writ of error in that case, thereby adopting the opinion of the Court of Civil Appeals, there being but one question presented by the application. It is likewise established by this court that the husband may empower the wife to sell her separate real estate, acting for herself and as his agent. Rogers v. Roberts, 13 Texas Civ. App., 190. In that case the court likewise refused a writ of error, there being but the one question presented by the application. We conclude that a married woman, by a power of attorney executed and acknowledged by her alone, may authorize a third person to sell and convey her land, and that such person acting with the husband can convey her separate real estate.

John T. Moore and his wife joined in the deed to Smithey as effectually as if both had been represented by Autry, or Moore had been represented by his wife, she acting for herself. The privy acknowledgment of the power of attorney guarded the wife against undue influence by her husband, and she had the right to revoke the power at any time before the deed was delivered. The power of attorney was inoperative until the husband joined in the deed which secured his right to manage the property. Every beneficial purpose of the law was accomplished. Patton v. King, before cited. The trial court erred in excluding the power of attorney and deed, for which the judgment must be reversed. We can not render judgment because the evidence was excluded, therefore the cause will be remanded, the defendant in error to pay all costs of the Court of Civil Appeals and of this court.

*Reversed and remanded.*