**GRISSOM v. ANDERSON et al.**

No. 4172.

Court of Civil Appeals of Texas. Texarkana.

April 6, 1932.

Rehearing Denied April 21, 1932.

Carrigan, King & Surles, of Longview, C. F. Richards, of Lockhart, and Hart, Patterson & Hart, of Austin, for appellant.

Bramlette & Meredith and Wm. M. Jones, all of Longview, and Slay & Simon, of Fort Worth, for appellees.

LEVY, J. (after stating the case as above).

There is presented by the appellant the points that in the circumstances the lease to O. T. Welch became valid and operative against the married women (1) through ratification or confirmation of the same by them, and '(2)' through estoppel by acts on their part. It conclusively appeared in the circumstances that the lease to O. T. Welch covered land that was the homestead of each Frank and Taylor Anderson and it had not been abandoned but was continued to be openly used and occupied as homestead. The wives of Frank and Taylor Anderson did not sign the lease. In such case the lease was, under the well-settled rule in this state, invalid for any purpose as to the wife so long as the homestead was not abandoned and another acquired. Stallings v. Hullum, 89 Tex. 431, 35 S. W. 2; Speer on Marital Rights (Ed. 1916) § 406. It is in case only there be the acquisition of a new homestead that the conveyance could be held operative to vest title. Marler v. Handy, 88 Tex. 421, 31 S. W. 636; and other cases. Although, as claimed by the appellant, the lease was invalid for nonjoinder of the married women, yet it was not so absolutely void as to be incapable of ratification as done. There is doubt of the application in the circumstance. The point made is predicated upon the recitals, as afore set out, in the deeds to the minerals subsequently made which referred to the O. T. Welch lease. The language of the recital in the subsequent deeds to the minerals does not purport to be a clause in the form of a grant or conveyance of title or interest or of control or possession. In such legal effect the recital in view cannot operate as a new grant nor as a subsequent deed made with the wife's joinder in the form prescribed by law. The wife may not affirm or confirm an inoperative grant, as here, except, as has been held, by meeting the statutory requirements. Speer on Marital Rights (1916 Ed.) § 248. In order to have the effect of subsequent assent by the wife, a conveyance of the homestead must be made, signed, and acknowledged by her, with the husband's joinder, in the form prescribed by law. Article 1300, R. S.; Speer on Marital Rights, § 405. A conveyance of the homestead inoperative because of nonjoinder of the wife cannot, as respects the wife, be corrected by a proceeding in equity.

It is thought the circumstances may not be held as working a ratification or estoppel. In the facts Taylor and Frank Anderson and their wives continued to live upon, use, and enjoy, and continue in possession of, all the land up to the trial of the suit. A married woman is not estopped from asserting her rights to land not conveyed in conformity with the law unless she has been guilty of a positive fraud or some act of suppression which in law would be equivalent thereto. McLaren v. Jones, 89 Tex. 131, 33 S. W. 849; Johnson v. Bryan, 62 Tex. 626; and other cases.

It is believed the trial court has correctly decided the case under the established facts, and the judgment is affirmed.