

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 17, 1972

Honorable Richard Handorf
County Attorney
Anderson County Courthouse
Palestine, Texas 75801

Opinion No. M-1264

Re: Constitutionality of
Article 2292-3, Vernon's
Civil Statutes

Dear Mr. Handorf:

You have requested the opinion of this office as to whether Article 2292-3, Vernon's Civil Statutes, is violative of the Texas Constitution.

Article 2292-3 reads as follows:

"The county judge of Anderson County may employ a probation officer to serve the county court. The duties and responsibilities of the probation officer shall be prescribed by the county judge. The probation officer shall receive a salary set by the commissioners court."

We view the paramount constitutional question as one of the improper delegation of legislative authority. The statute in stating "The duties and responsibilities of the probation officer shall be prescribed by the county judge" constitutes an unlawful delegation of legislative authority, and contravenes Section 1 of Article II of the Constitution of Texas which reads:

"The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confined to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to

-6201-

either of the others, except in the instances
herein expressly permitted."

The Legislative perogative to make the laws carries with
it the correlative right to create offices and prescribe their
duties.

"All public offices and officers are crea-
tures of law. The powers and duties of public
officers are defined and limited by law. By
being defined and limited by law, we mean the
act of a public officer must be expressly author-
ized by law, or implied therefrom. . . ." Fort
Worth Cavalry Club v. Sheppard, 125 Tex. 339, 83
S.W.2d 660, 663 (1935).

The Court then stated that public officers may only exercise
such powers as the law grants to them. Implicit in this prin-
ciple of law is the corollary that only the legislature may
designate the powers and duties of public officers. This desig-
nation may be either specific or by providing a well defined
standard, rule or public policy within which a designated grantee
might make rules or prescribe duties to put into effect the com-
pleted law enacted by the legislature. Housing Authority of
City of Dallas v. Higginbotham 135 Tex. 158, 143 S.W.2d 79, 87
(1940) and Williams v. State 176 S.W.2d 177, 183 (Tex. Crim.,
1943).

Article 2292-3, wherein it requires the county judge to pre-
scribe the duties and responsibilities of the probation officer,
states no policy or guideline within which the county judge shall
act. Nor does the Article reference other statutes as was done
by the legislature in the statute creating the office of county
auditor which was considered in Weaver v. Commissioner's Court of
Nacogdoches County 135 Tex. 611, 146 S.W.2d 170, 174 (1941).

It is not necessary to reach the question of whether the
statute violates Article III, Section 56, Texas Constitution,
which prohibits the Legislature from passing a local or special
law regulating county affairs and creating offices and prescrib-
ing their powers and duties in counties. This provision express-
ly provides that no local or special law shall be enacted where
a general law can be made applicable. While the statute here
does attempt to exempt one named county from the operation of the
general law, it is not clear, because of the improper delegation
discussed above, whether the Legislature may have intended the

probation officer officer to have been a part of the judiciary branch under Article V, Section 1 of the Texas Constitution, in which case the provisions of Article III, Section 56 would not be applicable. In any event, we do not reach these questions by the disposition herein made.

The Legislature has established a uniform scheme for probation under Articles 42.12 and 42.13 of the Texas Code of Criminal Procedure, which provide for the institution and administration of effective probation programs. Section 10 of Article 42.12, the Adult Probation and Parole Law, which is also applicable pursuant to Section 12 of that Article to Article 42.13, the Misdemeanor Probation Law, sets forth the method of appointment, the duties, responsibilities and the qualifications for probation officers. The appointment of a probation officer under these statutes rests in the hands of the district judge or district judges who serve the district. Probation officers must be employed as district officers, Attorney General of Texas Opinion No. M-336 (1969). Although these officers are district officers, the statute clearly provides that they are to serve the county court also. While probation officers must be employed as district officers there is nothing in the statutes to prohibit a district judge (or judges) from assigning a probation officer to work in a specific county or counties provided that each county in a district receives the service of one or more probation officers, Attorney General of Texas Opinion No. M-336 (1969).

### S U M M A R Y

Article 2292-3, Vernon's Civil Statutes, constitutes an unconstitutional delegation of Legislative authority to the county judge by failing to provide sufficient standards is unconstitutional and prohibited by Section 1 of Article II of the Constitution of Texas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Honorable Richard Handorf, page 4      (M-1264)


Prepared by Ben Harrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bob Lattimore
Bill Flanary
Tom Pollan
Jack Goodman

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant