**J.I. ZABLE, et ux., Appellants,**

v.

**Edward J. HENRY, Jr., and Edward J. Henry, III, Appellees.**

**No. 05–82–00424–CV.**

Court of Appeals of Texas, Dallas.

March 30, 1983.

Louis H. Altman, Dallas, for appellants.

Timothy A. Duffy, Dallas, for appellees.

Before AKIN, WHITHAM and MALONEY, JJ.

WHITHAM, Justice.

Appellants, J.I. Zable and his wife, Edith Zable, sought a declaratory judgment that the grant of an option to appellees, Edward J. Henry, Jr. and Edward J. Henry, III, contained in a deed executed by Mr. Zable was void because the property was the Zables' homestead and the deed containing the option had not been signed by Mrs. Zable. Both the Zables and the Henrys filed motions for summary judgment on that issue. The trial court denied the Zables' motion and granted the Henrys' motion and entered judgment dismissing the Zables' action. We affirm.

Mr. Zable conveyed certain real property to the Henrys and in the deed granted the Henrys an option to purchase other real property which the Zables contend was homestead property both at the time the deed was signed and as of the date of hearing on the motions for summary judgment. Mrs. Zable did not join in the execution of the deed containing the grant of the option. For purposes of their motion for summary judgment the Henrys conceded that the option property was the Zables' homestead both at the time the deed was signed and as of the date of hearing on the motion for summary judgment. The option reads:

As a further consideration herein, Grantor does hereby grant and convey unto Grantees, their heirs and assigns, the right of first refusal to purchase for a cash consideration of $65,000.00, the real property and all improvements at 3939 Travis Street, Dallas, Texas, and legally described as follows:

[property description deleted]

This right of first refusal shall be for a period of ten (10) years from May 1, 1978, until April 30, 1988, and shall be a covenant running with the land and be binding upon the Grantor herein, his heirs and assigns.

Both the Zables and the Henrys interpret the option to consist of a right of first refusal to purchase the property for $65,-000.00 until April 30, 1988, and an absolute option to purchase the property for that price on April 30, 1988. While we do not read the option to grant an absolute option to purchase the property for $65,000.00 on April 30, 1988, we are bound by the interpretation made by all parties and dispose of this appeal on the basis of their interpretation.

At the outset we emphasize that the issue in the present case is limited to voidness *vel non*. This case does not involve the forced sale of homestead or an action for enforcement of the option by specific performance. At no point have the Henrys suggested that the option would be specifically enforceable while Mrs. Zable continues to occupy the property. The only issue presented by this action is whether the option is presently void, and not whether it is enforceable now or at some future time.

■ A conveyance by a husband, not joined by his wife, of homestead property, is not void but is merely inoperative while the property continues to be homestead, or until such time as the homestead may be abandoned, or the deed ratified in accordance with law. *Grissom v. Anderson,* 125 Tex. 26, 79 S.W.2d 619, 621 (1935). The principal enunciated in *Grissom* is equally applicable to contracts to convey homestead. In *Wright v. Hays,* 34 Tex. 253 (1870), the Supreme Court of Texas stated that while a husband possibly could not have been compelled to execute a conveyance of homestead property without the consent of his wife, the contract as to him "was not unlawful, but good and valid, and he might have been sued for damages during the life of his wife, and at her death he may be compelled to execute the deed, in compliance with his previous contract...." 34 Tex. at 261. In *Brewer v. Wall,* 23 Tex. 585, 589 (1859), the Supreme Court pointed out that while a bond for title to homestead property executed only by the husband could not be enforced by specific performance so long as the wife refused to execute the deed, the bond became enforceable when the property lost its homestead character. *See also, Hudgins v. Thompson,* 109 Tex. 433, 211 S.W. 586 (1919) (contract enforceable after abandonment).

■ Other decisions reflect that the Texas courts have adhered strictly to the principle that one-spouse homestead transactions are not void, but are merely inoperative while the property remains the non-signing spouse's homestead. *See Reserve Petroleum Co. v. Hodge,* 147 Tex. 115, 213 S.W.2d 456, 458 (1948); *Kunkel v. Kunkel,* 515 S.W.2d 941, 948 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.); *Davis v. Crockett,* 398 S.W.2d 302, 307 (Tex.Civ.App.—Dallas 1965, no writ); *Lewis v. Brown,* 321 S.W.2d 313, 317 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n.r.e.); *Weinert v. Cooper,* 107 S.W.2d 593, 595 (Tex.Civ.App.—Texarkana

1937, writ dism'd). *See also, Hill v. McIntyre Drilling Co.,* 59 S.W.2d 193, 195 (Tex. Civ.App.—Texarkana 1933, writ ref'd). In *Lewis v. Brown, supra,* (which, like the instant case, involved an option to purchase property) the law regarding single spouse homestead transactions was summarized as follows:

> Deeds of trust and levies of execution or attachment never become liens on property which is homestead at the time of their execution or levy, even after the homestead status ceases to exist. This is so because Article 16, sec. 50, of the Texas Constitution, Vernon's Ann. St., declares them to be void. The subsequent cessation of the homestead exemption does not give them validity. *But a contract to sell a homestead is not void, and "not unlawful but good and valid." Wright v. Hays,* 34 Tex. 253. *It is merely unenforceable so long as the homestead status exists. Hudgins v. Thompson,* 109 Tex. 433, 211 S.W. 586; *Hill v. McIntyre Drilling Co.,* Tex.Civ.App., 59 S.W.2d 193. Likewise, while a judgment cannot become a lien on property which is homestead, it does become a lien when the homestead exemption ceases. *Marks v. Bell,* 10 Tex. Civ.App. 587, 31 S.W. 699, error refused. *The sale of the homestead by the husband, without the joinder of the wife, becomes operative when the property ceases to be a homestead. Marler v. Handy,* 88 Tex. 421, 31 S.W. 636; *Irion v. Mills and Halbert,* 41 Tex. 310; *Grissom v. Anderson,* 125 Tex. 26, 79 S.W.2d 619; *Weinert v. Cooper,* Tex.Civ.App., 107 S.W.2d 593.

321 S.W.2d at 317 (emphasis added). Moreover, the purchaser whose purchase is frustrated by the refusal of the vendor's spouse to ratify the sale has a cause of action for damages against the signing vendor. *See Goff v. Jones,* 70 Tex. 572, 8 S.W. 525, 527 (1888); *Nelson v. Jenkins,* 214 S.W.2d 140 (Tex.Civ.App.—El Paso 1948, writ ref'd). This right to sue for damages at law is necessarily predicated on the premise that such instruments are not void.

In the present case the option is absolutely exercisable in 1988, and exercisable as a right of first refusal until that time. There is absolutely no way of predicting whether the property will continue to be a homestead until 1988. Should the homestead status cease prior to 1988, the option, subject to its terms, will be enforceable by an action for specific performance. If the homestead status exists when the option is exercised, and Mrs. Zable refuses to ratify the deed, the Henrys have a cause of action for damages against Mr. Zable. In either case, the option is currently valid and should not be declared void merely because it is temporarily unenforceable by specific performance.

At oral argument the Zables conceded that under the law as it existed prior to adoption of Tex.Fam.Code Ann. § 5.81 (Vernon 1975) the option would not be declared void. The Zables contend, however, that Section 5.81 has changed the long standing rule above discussed and requires that the option be judicially voided in the present case. We disagree.

Tex.Fam.Code Ann. § 5.81, dealing with sale, conveyance, or encumbrance of homestead provides:

> Whether the homestead is the separate property of either spouse or community property, neither spouse may sell, convey, or encumber it without the joinder of the other spouse except as provided in Section 5.82, 5.83, 5.84, or 5.85 of this code or by other rules of law.

Tex. Const. art. XVI, § 50, dealing with the homestead and how it is to be protected, provides:

> The homestead of a family ... shall be, and is hereby protected from forced sale ... *nor may the owner or claimant of the property claimed as homestead, if married, sell or abandon the homestead without the consent of the other spouse ....* No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the owner alone, or together

with his or her spouse, in case the owner is married. All pretended sales of the homestead involving any condition of defeasance shall be void. [emphasis added].

We conclude that the Family Code's prohibition that "neither spouse may sell, convey, or encumber it [the homestead] without the joinder of the other spouse ..." is no more than a statutory enactment of the constitutional prohibition contained in the underscored language of the Constitution. We hold, therefore, that Tex.Fam.Code Ann. § 5.81 does not change the long-standing rule in Texas as expressed by the Supreme Court in *Grissom v. Anderson, supra:*

> A conveyance by a husband, not joined by his wife, of the homestead property, is merely inoperative while the property continues to be a homestead, or until such time as the homestead may be abandoned, or the deed ratified in accordance with law. *Marler v. Handy,* 88 Tex. 421, 31 S.W. 636; *Irion v. Mills,* 41 Tex. 310; *Brewer v. Wall,* 23 Tex. 585, 76 Am.Dec. 76; *Goff v. Jones,* 70 Tex. 572, 8 S.W. 525, 8 Am.St.Rep. 619.

79 S.W.2d at 621. Thus, we conclude that the trial court did not err in holding that the grant of an option to purchase property at some future time is valid, despite the fact that the property is currently homestead and the grant was executed only by the husband.

Affirmed.