Opinion filed March 20, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00338-CV

_____

## CHARLES L. B. AYCOCK, EDWARD S. AYCOCK, AND CHARLOTTE CHERRY AYCOCK MCHALE, Appellants

## V.

## VANTAGE FORT WORTH ENERGY, LLC, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CV31725**

## MEMORANDUM OPINION

Charles L. B. Aycock, Edward S. Aycock, and Charlotte Cherry Aycock McHale, who called themselves the "unpaid mineral cotenants," sued Vantage Fort Worth Energy, LLC for unpaid bonus money in connection with an oil and gas lease. The trial court granted Vantage's traditional motion for summary judgment

and entered final judgment against the unpaid mineral cotenants. The unpaid mineral cotenants appeal. We affirm.

## I. *Background Facts*

Fitzhugh H. Pannill Jr. and his company, Desdemona Cattle Company, along with others, owned undivided mineral interests in a 1,409-acre tract in Erath County. Pannill and Desdemona entered into an oil and gas lease with Vantage in March 2008, and the lease contained a three-year primary term. Vantage paid $750 per net mineral acre as a bonus to Pannill and Desdemona for their undivided mineral interest of 526.0994667 net mineral acres for a total bonus of $394,574.60. Vantage filed a memorandum of oil and gas lease in May 2010. The unpaid mineral cotenants mailed a letter to Vantage in September 2010, in which they asked to meet with Vantage about the lease. Vantage never responded. No drilling or production occurred, and the lease terminated in March 2011. The unpaid mineral cotenants filed their suit against Vantage in May 2012.

## II. *Issues Presented*

The unpaid mineral cotenants assert that the trial court erred by granting Vantage's traditional motion for summary judgment and by denying their motion for new trial.

## III. *Standard of Review*

We review a trial court's ruling on a traditional motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We must determine whether the movant established that no genuine issues of material fact existed and that the movant was entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Where the trial court's order granting summary judgment does not specify the ground or grounds relied upon for its ruling, we will affirm

summary judgment if any of the grounds advanced by the movant are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## IV. *Analysis*

### A. Issue One: Summary Judgment

Owners of undivided mineral interests are tenants in common. *Willson v. Superior Oil Co.*, 274 S.W.2d 947, 950 (Tex. Civ. App.—Texarkana 1954, writ ref'd n.r.e.). A cotenant may lease its undivided interest without joinder of another cotenant. *Glover v. Union Pac. R.R. Co.*, 187 S.W.3d 201, 213 (Tex. App.—Texarkana 2006, pet. denied) (citing *Burnham v. Hardy Oil Co.*, 147 S.W. 330, 334 (Tex. Civ. App.—San Antonio 1912), *aff'd*, 195 S.W. 1139, 1146 (Tex. 1917)). The lease does not bind a nonconsenting cotenant. *Willson*, 274 S.W.2d at 950. The lessor cotenant, however, must account to its nonconsenting cotenant for any minerals produced where the lessor cotenant has leased both its and the nonconsenting cotenant's interest or has received production payments on the nonconsenting cotenant's interest. *Burnham*, 147 S.W. at 334.

If the lessor cotenant purports to convey the entire common property, a nonconsenting cotenant may rightfully ratify the lease and collect its share of proceeds from the lease. *Van Deventer v. Gulf Prod. Co.*, 41 S.W.2d 1029, 1038 (Tex. Civ. App.—Beaumont 1931, writ ref'd); *see also Gill v. Bennett*, 59 S.W.2d 473, 475 (Tex. Civ. App.—El Paso 1933, writ ref'd) (holding that if nonconsenting cotenant ratified lease, he became "a participating royalty owner and entitled to 1/128 of the oil and gas royalty agreed to be paid by the lessee"). The

3

nonconsenting cotenant may also choose to not ratify the lease and collect its share of the value of the minerals taken less the reasonable cost of production. *Cox v. Davison*, 397 S.W.2d 200, 201 (Tex. 1965). If a nonjoined cotenant ratifies a lease, the ratifying cotenant may sue the lessor cotenant for an accounting of all money received by the lessor cotenant, in the form of bonus, royalty, rentals, and otherwise, relative to the ratifying cotenant's interest. *Tex. & Pac. Coal & Oil Co. v. Kirtley*, 288 S.W. 619, 624 (Tex. Civ. App.—Eastland 1926, writ ref'd).

Ratification can occur in several ways. *See, e.g.*, *Montgomery v. Rittersbacher*, 424 S.W.2d 210, 214 (Tex. 1968) (holding that filing suit ratifies a lease as a matter of law); *Loeffler v. King*, 236 S.W.2d 772, 774 (Tex. 1951) (holding that execution and acceptance of royalty deed ratifies a lease); *Grissom v. Anderson*, 79 S.W.2d 619, 622–23 (Tex. 1935) (holding that a conveyance that recognizes a lease ratifies the lease); *Barker v. Roelke*, 105 S.W.3d 75, 84 (Tex. App.—Eastland 2003, pet. denied) (explaining that "[r]atification occurs when a party recognizes the validity of a contract by . . . affirmatively acknowledging it"); *Van Deventer*, 41 S.W.2d at 1037 (holding that recital of recognition of the lease in a contract ratifies the lease); *cf., e.g.*, *Kirtley*, 288 S.W. at 623 (explaining that accepting proportionate part of royalties binds nonconsenting cotenant to lease).

A reviewing court, when construing the lease, is bound by the language of the lease when the lease is plain and unambiguous. *Van Deventer*, 41 S.W.2d at 1035. A proportionate reduction clause acts to protect the lessee from paying the lessor more than what the lessor is due, but it does not act to reduce what the lessor conveys to the lessee. *McMahon v. Christmann*, 303 S.W.2d 341, 346 (Tex. 1957); *Klein v. Humble Oil & Ref. Co.*, 86 S.W.2d 1077, 1080 (Tex. 1935).

Charles Aycock, Edward Aycock, and Charlotte McHale, who identified themselves as the "unpaid mineral cotenants," along with Pannill and Desdemona, all owned undivided mineral interests in the 1,409 acres; as such, they were tenants

4

in common. *See Willson*, 274 S.W.2d at 950. The unpaid mineral cotenants complain that Vantage leased the entire 1,409 acres from Pannill and Desdemona. *See Glover*, 187 S.W.3d at 213. The unpaid mineral cotenants also assert that they ratified the lease with their September 2010 letter to Vantage.

Vantage claims that the proportionate reduction clause in the lease, along with other documents, shows that Vantage only intended to lease Pannill's and Desdemona's undivided interests. *But see McMahon*, 303 S.W.2d at 346 (holding that a proportionate reduction clause does not decrease the amount of land conveyed to lessee); *Van Deventer*, 41 S.W.2d at 1035 (explaining that reviewing court is bound by the language of the lease if the lease is unambiguous).

Even if we assume,[1] without deciding, that (1) Vantage leased all of the cotenants' mineral interests for the entire 1,409 acres, instead of just Pannill's and Desdemona's interests, and (2) the unpaid mineral cotenants ratified the lease with their September 2010 letter, the unpaid mineral cotenants do not claim that genuine issues of material fact exist. Therefore, their position only requires this court to determine whether Vantage was entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548–49.

In its motion for summary judgment, Vantage asserted that any recovery by the unpaid mineral cotenants had to come from their cotenants, Pannill and Desdemona. Vantage rightfully leased the land from Pannill and Desdemona. *See Willson*, 274 S.W.2d at 950 (explaining that lessor cotenant may lease nonconsenting cotenant's interest, but lessor cotenant must account for value of minerals produced). The cases that the unpaid mineral cotenants rely on support the proposition that a nonconsenting cotenant, after ratifying a lease, may recover any profits already paid to a lessor cotenant. *See, e.g.*, *Van Deventer*, 41 S.W.2d at

---

[1] We do not express an opinion as to the validity of these contentions asserted by the unpaid mineral cotenants.

5

1038 (holding that ratifying cotenant could claim his share of profits paid to lessor cotenant); *Kirtley*, 288 S.W. at 624 (explaining that "the accounting should include all money received by the lessor, cotenant . . . accruing under such lease" (quoting *Sommers v. Bennett*, 69 S.E. 690, 690 (W. Va. 1910)). Here, Vantage is not the lessor cotenant and received no money accruing under the lease. *See Kirtley*, 288 S.W. at 624. Therefore, the unpaid mineral cotenants cannot recover bonus money from Vantage. *See Cox*, 397 S.W.2d at 201; *Van Deventer*, 41 S.W.2d at 1038; *Kirtley*, 288 S.W. at 624.

The unpaid mineral cotenants claimed in their response to Vantage's motion for summary judgment that unjust enrichment precludes Vantage's entitlement to summary judgment. Unjust enrichment did not occur here because Vantage did not profit at the expense of the unpaid mineral cotenants. *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 891 (Tex. 1998); *see also Cox*, 397 S.W.2d at 201 (explaining that a lessor cotenant may lease a nonconsenting cotenant's interest if lessor cotenant accounts for value of minerals produced).

Vantage established that the unpaid mineral cotenants can only recover bonus money paid to Pannill and Desdemona for the nonjoined interests, if any, from Pannill and Desdemona and cannot recover any such payments, if any, from Vantage. Therefore, Vantage is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548–49; *see also Dow Chem. Co.*, 46 S.W.3d at 242 (meritorious motion for summary judgment is granted). The trial court did not err by granting Vantage's motion for summary judgment. *See Valence Operating Co.*, 164 S.W.3d at 661. We overrule the unpaid mineral cotenants' first issue.

*B. Issue Two: New Trial*

The unpaid mineral cotenants assert no new arguments in their second issue on the denial of their motion for new trial, and their grounds in that motion mirror

6

their summary judgment arguments and responses. Because the trial court did not err by granting Vantage's motion for summary judgment, there can be no error by failing to grant the unpaid mineral cotenants' motion for new trial on the same grounds. *See, e.g.*, *Spring Valley Acres v. LLN Assocs.*, No. 11-96-061-CV, 1997 WL 33797945, at *1 (Tex. App.—Eastland Feb. 27, 1997, no writ) (not designated for publication) (holding that, because trial court did not err by denying motion for continuance on one ground, trial court could not have erred by denying motion for new trial on same ground). A new trial could not result in the unpaid mineral cotenants recovering any bonus money against Vantage because, as a matter of law, the unpaid mineral cotenants cannot recover from Vantage under the facts in the case. *See Cox*, 397 S.W.2d at 201; *Van Deventer*, 41 S.W.2d at 1038; *Kirtley*, 288 S.W. at 624. The trial court did not abuse its discretion by denying the unpaid mineral cotenants' motion for new trial. *Waffle House*, 313 S.W.3d at 813. We overrule the unpaid mineral cotenants' second issue.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


March 20, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

7