THE RESERVE PETROLEUM COMPANY ET AL V.
E. F. HODGE ET AL.

No. A-1684. Decided July 7, 1948.
Rehearing overruled October 6, 1948.
(213 S. W., 2d Series, 456.)

*Savage, Gibson & Benefield* and *Whitten & Whitten,* all of Oklahoma City, Okla., and *Chrestman, Brundidge, Fountain, Elliott, & Bateman* and *L. E. Elliott,* all of Dallas, for petitioners.

It was error for the court to hold that the long and continued recognition of the validity of such deeds by the makers thereof, as correctly describing the land intended to be conveyed, and the execution by them of a lease of August 9, 1934, in which the validity and effectiveness of said mineral deeds were expresly recognized, was not a ratification of said mineral deeds, precluding the claim of its validity asserted by appellees. Kilmer v. Gallagher, 107 Ia. 676, 78 N. W. 685; Schleicher v. Runge, 37 S. W. 982; Marler v. Mandy, 88 Texas 421, 31 S. W. 636.

*G. F. Steger,* of Columbus, for respondent.

There being no evidence in the record supporting a recognition of the mineral deeds, their validity and effectiveness were not expressly recognized, and it was not error for the court to hold that they had not been ratified. Blankenship v. Mott, 104 S. W. (2d) 607; Humble Oil and Refining Co. v. Clark, 126

Texas 262, 87 S. W. (2d) 471; McLain v. Class, 204 S. W. (2d) 668.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

The suit, in form an action of trespass to try title, was brought by respondents for the recovery of an undivided one-half interest in the minerals in a tract of 91.4 acres of land in Colorado County. The trial court's judgment in favor of respondents was affirmed by the Court of Civil Appeals. 209 S. W. (2d) 220.

Two questions are presented: the first as to the validity of two deeds executed by respondents Jacob Blanchard and his wife, Mary Blanchard, and the second as to ratification of those deeds.

The 91.4 acre tract of land was the separate property of Jacob Blanchard and homestead. After negotiations with G. T. Blakenship and with M. L. McLain representing Farmers Royalty Holding Company, respondents Blanchard and wife agreed that the land should be pooled with other land for exploration and production of oil and gas. Pursuant to that agreement Blanchard and wife, on October 7, 1931, executed and delivered two mineral deeds, one of a three-eights interest in the oil, gas and other minerals to Farmers Royalty Holding Company and the other of a one-eighth interest to G. T. Blankenship. The deeds, which are on printed forms, are in all respects regular except that, according to the finding of the jury made on conflicting testimony in answer to the only special issue submitted, the deeds when executed contained no description of the land. The deeds were filed for record July 6, 1932, and as recorded they contain a correct description by metes and bounds of the 91.4 acre tract. Photostatic copies of the deeds show that the description, type written, are attached to them at the places where blanks were left for description in the forms used. There is neither finding nor testimony that Blanchard and wife authorized anyone to insert or attach the description. Both of them testified that they gave no such authority.

Farmers Mutual Royalty Syndicate, Inc. and Farmers Royalty Holding Co., by deeds from G. T. Blankenship, became the owners of such title or interest in the minerals as was conveyed by the deed of October 7, 1931, from Blanchard and wife to Blankenship. On August 9, 1934, Blanchard and wife, Farmers Royalty Holding Company and Farmers Mutual Royalty

Syndicate, Inc., as lessors, executed, acknowledged and delivered to Sam P. Shelburne, as lessee, an oil and gas lease of the 91.4 acre tract for a term of 5 years. The tenth and last paragraph of the lease is as follows:

"All lessors herein agree that mineral deeds properly executed and now of record conveyed to G. T. Blankenship an undivided 1/8th interest, and to Farmers Royalty Holding Company, a Delaware Corporation, an undivided 3/8th interest in and to all oil, gas and other minerals in, under and upon the lands described herein and that the minerals in and under said land are now owned in the proportions of 3/32 by Farmers Mutual Royalty Syndicate, Inc., 13/32 by Farmers Royalty Holding Company and the remaining 1/2 interest by the other lessors herein."

Mrs. Blanchard testified that she and her husband joined the two corporations as lessors in executing the oil and gas lease, that the consideration or bonus paid for the lease was $1.00 per acre and that she and her husband received one-half of the consideration and the two corporations received the other one-half.

The respondents contend that the two mineral deeds executed by Blanchard and wife were void when executed because they contained no description of the land and that they did not and could not thereafter become valid or effective, the grantors having given no one authority to insert the description in the deeds. They contend further that since the deeds were void they could be ratified by the grantors "only by re-execution by them of a subsequent conveyance in terms that in themselves would amount to a sufficient present conveyance."

Petitioners take the position that from the facts in evidence, including the agreement for pooling the land, the regularity of the deeds as appearing of record, and acts on the part of Blanchard and wife over a long period in recognition of the validity of the deeds, "a legal presumption" arises that the deeds were complete on delivery, and that there is a further presumption that if the deeds were not complete the grantors authorized the insertion of the description. Petitioners also rely upon the execution by Blanchard and wife of the oil and gas lease on August 9, 1934, and the recitals in it, with other acts or statements on the part of Blanchard and wife, as sufficient ratification of the mineral deeds.

In view of the conclusion we have reached on the question of ratification, it is unnecessary to discuss petitioners' contention as to presumption of completeness of the mineral deeds when delivered or of authority to insert the description. We may accept as fully supported by the evidence the jury's finding that the deeds, when executed, did not contain a description of the land and may assume that the grantors did not authorize the insertion of the description.

■ Without taking into consideration other acts on the part of Blanchard and wife tending to show recognition of the validity of the two mineral deeds, it is our opinion that they ratified and confirmed those deeds by joining in the execution of the oil and gas lease containing the recitals which have been quoted.

■■ Because they contained no description of the land the two mineral deeds, when delivered, were inoperative, but according to our decisions they were not so wholly void that they could not thereafter have been made operative and effective by the insertion, if authorized by the grantors, of a correct description of the land intended to be conveyed. Threadgill v. Butler, 60 Texas 599, Sleicher v. Runge, 37 S. W. 982, Tarrant County v. McLemore (Tex. Com.), 8 S. W. 94, Glasscock v. Farmers Royalty Co. (5th Cir.), 152 Fed. (2d) 537. If the fact of homestead and the necessity for joinder and privy acknowledgment by his wife would prevent the deeds, if thus completed, from divesting her of the homestead interest, still the deeds executed by the husband, and if completed under authority from him, would operate by way of estoppel against him and would become fully effective in the event of abandonment of the homestead. Irion v. Mills, 41 Texas 310, Marler v. Handy, 88 Texas 421, 31 S. W. 636, Stallings v. Hullum, 89 Texas 431, 35 S. W. 2, Grissom v. Anderson, 125 Texas 26, 30, 79 S. W. (2d) 619. It follows, in our opinion, that the two mineral deeds were subject to ratification.

The conclusion that Blanchard and wife ratified the mineral deeds by joining in the execution of the oil and gas lease is supported by our decisions. In Grissom v. Anderson, 125 Texas 26, 79 S. W. (2d) 619, Frank Anderson and Taylor Anderson, without being joined by their wives, executed to O. T. Welch an oil and gas lease of land which they and their wives occupied as their homestead. Thereafter the two Andersons, joined by their wives, executed deeds conveying interests in the minerals in the same land and containing recitals that the land was under an oil and gas lease to O. T. Welch and that the conveyance was made subject to the lease. The court, after observing that the

lease to Welch was inoperative as to Frank and Taylor Anderson and their wives, held that their acts in executing the royalty deeds "constituted a ratification of the lease," "gave the lease life" and thereby "the rights of the parties acquired thereunder became valid."

In Greene v. White, 137 Texas 361, 153 S. W. (2d) 575 , 136 A. L. R. 626, when Alex Garrett and wife, Mandy Garrett, were living on a tract of land as their home and claiming title by adverse possession, F. M. Greene executed and delivered to Alex Garrett a deed conveying to him the same tract of land but retaining a vendor's lien to secure purchase money notes and reserving the minerals. Alex Garrett accepted the deed, but Mandy Garrett was not named as a grantee in the deed and was not a party to it and at the time of its delivery she was claiming the land as homestead. Her homestead interest was in no way affected by the deed or by the reservation of minerals contained in it. After Alex Garrett's death, however, Mandy Garrett executed and acknowledged a written agreement referring to the deed and to the vendor's lien retained in it and extending the notes and lien, and she executed also a deed conveying to her son and her son-in-law part of the same land. That deed made express reference to the deed from Greene and recited as a part of the consideration the assumption by the grantees of the unpaid vendor's lien note described in the Greene deed. It was held that, by the execution of the extension agreement and the deed containing the recitals above referred to "Mandy Garrett ratified the deed from Green to Garrett and made it her own as fully as if she had been a party to the execution and became bound by the terms and provisions of the deed, including the reservation of the minerals." Neither in Grissom v. Anderson nor in White v. Greene was the instrument which ratified the prior conveyance a re-execution of the conveyance, nor was it in terms that in themselves would amount to a sufficient present conveyance of what was conveyed, or purported to be conveyed, by the prior instrument. Nevertheless in both cases it was held that the subsequent instruments worked ratification because they were executed in formal recognition of the validity of the conveyance to which they referred. See also Humble Oil & Refining Co. v Clark, 126 Texas 262, 268, 87 S. W. (2d) 471; Turner v. Hunt, 131 Texas 492, 494-495, 16 S. W. (2d) 668, 117 A. L. R. 1066; Simonds v. Stanolind Oil & Gas Co., 134 Texas 332, 344-345, 114 S. W. (2d) 226, 136 S. W. (2d) 207; Boyd Lumber Co. v. Mills, 146 Ga. 794, 92 S. E. 534, L. R. A. 1918A 1154; 16 Am. Jur., pp. 584-585, Sec. 261.

In the instant case, the oil and gas lease executed by Blanchard and wife contains, in terms of an agreement, a formal recognition of the validity of the two mineral deeds and of the ownership under the deeds of an undivided one-half interest in the minerals, and, under the authorities cited, it was a full and effective ratification of those deeds.

The United States Circuit Court of Appeals for the Fifth District, in an opinion by Judge Joseph C. Hutcheson, Jr., held sufficient as a complete ratification and validation of mineral deeds, originally inoperative for want of description, an oil and gas lease in terms very similar to those of the lease in this case. Glasscock v. Farmers Royalty Holding Co., 152 Fed. (2d) 537. Notwithstanding the insistance of respondents herein that part of the opinion so holding is dictum, it is a correct construction and application of the decisions of this Court which have been discussed above.

No attack is made by respondents in their briefs upon the validity of the oil and gas lease executed by Blanchard and wife. As to the lease they assert not that it is invalid but that it is insufficient to operate as a ratification of the mineral deeds. Mrs. Blanchard testified that the paragraph of the lease referring to the mineral deeds was in fine print, that no one told her about it and that in taking her acknowledgment the notary public did not explain that paragraph to her. The notary's certificate of her acknowledgment is regular in form. Blanchard testified that the paragraph of the lease was not called to his attention. There is no testimony that the fine print of the paragraph was illegible or that it was in smaller type than other printed parts of the lease, and no testimony of any fraud, concealment or imposition on the part of the notary or of any party to the lease in connection with the execution and acknowledgment of it. The testimony therefore neither affects the recitals in the lease nor impeaches those of the notary's certificate. Davis v. Kennedy, 58 Texas 516; Miller v. Yturria, 69 Texas 549, 7 S. W. 206; Ward v. Weaver (Com., App.), 34 S. W. (2d) 1093; Texas Osage etc. Pool v. Kemper, 170 S. W. (2d) 849, application for writ refused.

The judgments of the district court and the Court of Civil Appeals are reversed, and judgment is here rendered that respondents have and recover of and from petitioners the title and possession of the 91.4 acre tract of land described in the pleadings, except an undivided one-half interest in the oil, gas and other minerals in and under said land, and that as to that

undivided one-half interest respondents take nothing and that they take nothing by their suit for damages.

Opinion delivered July 7, 1948.

Rehearing overruled October 6, 1948.