**HILLMER et ux. v. FARMERS ROYALTY HOLDING CO. et al.**

No. 13723.

United States Court of Appeals
Fifth Circuit.

April 16, 1952.

Harvey T. Fleming, Houston, Tex., for appellants.

Loyd Benefield, Oklahoma City, Okl., John V. Singleton, Jr., Houston, Tex., for appellees.

Before HOLMES, BORAH, and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This appeal is from a judgment for defendants in a trespass to try title suit in which plaintiffs, appellants here, seek to cancel two deeds which convey mineral rights beneath 335 acres of land in Colorado County, Texas.

On October 20, 1931, plaintiffs below, who are husband and wife, jointly executed

an instrument styled "Contract—Employment for Pooling Royalty," which, though loosely drafted, purports to employ the defendant G. T. Blankenship "to pool oil and gas mineral rights as herein described," and as full compensation for these services agrees to convey to him an undivided 1/8 interest in the minerals. Plaintiffs therein further agree to sell and convey to defendant Farmers Royalty Holding Company, now Reserve Petroleum Company, an undivided 3/8 interest in the minerals, and to accept as payment therefor shares of stock in said company. This contract was not acknowledged.

Contemporaneously with the execution of said contract, and apparently in compliance therewith, plaintiffs jointly executed the two mineral deeds here in question, conveying to defendants below undivided mineral interests in the lands as prescribed in the contract. On their face, the deeds are regular and constitute valid conveyances. The ex officio notary's certificate as to the acknowledgment of the conveyances by Mrs. Hillmer, one of the grantors, conforms to the requirements of Art. 6605 Vernon's Texas Civil Statutes, as to acknowledgments by a married woman. At all times here material the lands were the community homestead of plaintiffs.

Plaintiffs below contend that the deeds are void because the contract and deeds should be considered together, and when so considered they constitute merely an executory contract for the conveyance *in futuro* of a portion of plaintiffs' community homestead, a transaction not authorized by Texas law; and if regarded as executed conveyances the deeds are not acknowledged as required by Art. 6605 Vernon's Texas Civil Statutes, because the notary taking the acknowledgments failed to properly explain the mineral deeds to Mrs. Hillmer and failed to take her acknowledgment privily and apart from her husband, which would vitiate the deeds. The trial court held that plaintiffs had not successfully borne the burden of establishing a faulty acknowledgment of the deeds, but held that even if the deeds were originally defective they were validated by subsequent ratification. Upon these findings, judgment was

entered that plaintiffs take nothing as to the mineral interests, aggregating one-half, conveyed by said deeds, from which judgment this appeal was taken. Neither the surface interest, nor the remaining one-half interest in the minerals, are affected by the judgment.

It appears that Blankenship and his company, Farmers Royalty Holding Company, were extensively engaged in the business of securing mineral lands to be "pooled," using the same method here employed. To that end they have previously entered into numerous transactions of this type, and have been in frequent litigation with other grantors in the Texas courts, and in this court. The apparent purpose of the transactions here involved, and other similar ones, was to secure for Blankenship an undivided 1/8 mineral interest for his services, and a conveyance by the landowners to the company of an undivided 3/8 mineral interest, the landowners accepting as consideration for the conveyance shares of stock in the company representing the 3/8 interest so conveyed.

The acknowledgments here in question were taken in the dining room of the grantors' home, the husband's first, after which, complying with the notary's request, the husband left the dining room and went out on an adjacent porch, or gallery, where he stood talking to two men, who had come there with the notary, about the acreage included in the deeds, while the notary took the wife's acknowledgments alone in the dining room. The door from the dining room to the gallery was open, so that it would have been possible for Mrs. Hillmer, in the dining room, to have heard what was being said on the porch, and perhaps for the men on the porch to hear what was being said in the dining room. But there is no evidence that there was any communication, attempted or accomplished, between husband and wife when the acknowledgments were taken, or that the husband practiced the slightest persuasion or coercion upon his wife, or attempted so to do. The notary testified, and Mrs. Hillmer's testimony tends to corroborate the fact, that he explained the instruments to her, and that she knew what she was signing.

Some of the Courts of Civil Appeals of Texas have cancelled deeds similar to these, for example, Farmers Royalty Holding Company v. Anglin, 205 S.W.2d 410, and Farmers Royalty Holding Company v. Jeffus, 94 S.W.2d 255, here relied on by plaintiffs, which held acknowledgments insufficient on similar deeds.

In Grissom v. Anderson, 125 Tex. 26, 79 S.W.2d 619, however, the Supreme Court of Texas held that an oil and gas lease of homestead lands, executed by two husbands, but neither executed nor acknowledged by their wives, was ratified and became operative as to the wives by the subsequent joint execution and acknowledgment by both husbands and wives of a mineral deed containing recitals that the land was under the oil and gas lease first mentioned, and that the mineral deed was made subject to that lease.

In Greene v. White, 137 Tex. 361, 153 S.W.2d 575, 587, 136 A.L.R. 626, Alex Garrett and his wife were living on a tract of land as their home, claiming title by adverse possession. A third party, who also claimed to own the land, executed a deed conveying the same to Alex Garrett, but retaining a vendor's lien to secure purchase money notes, and reserving the minerals. The wife, Mandy Garrett, was not named as a grantee. After her husband's death, however, she executed and duly acknowledged a written agreement referring to the deed to her husband, and to the vendor's lien retained in it, extended the notes and lien, and also executed and acknowledged other deeds to her son and son-in-law conveying part of the lands, recitals in which latter deeds required the grantees therein to assume the vendor's lien described in the first deed. The Supreme Court held that although Mandy Garrett was not originally affected by the deed to her husband, as she was not a party thereto, when she executed and acknowledged the subsequent agreement and deeds she thereby ratified the first mentioned deed "and made it her own as fully as if she had been a party to its execution and became bound by the terms and provisions of the deed, including the reservation of the minerals."

In recent years, the Supreme Court of Texas has held that deeds involving homestead lands which were originally inoperative because they contained no description when executed, are rendered operative by the subsequent joinder of the grantors and grantees in the questioned instruments, as lessors, in the execution of a subsequent mineral lease containing a recital acknowledging the validity of the questioned conveyances. Reserve Petroleum Co. v. Hodge, 147 Tex. 115, 213 S.W.2d 456, reversing Tex.Civ.App., 209 S.W.2d 220.

This court, in a similar Texas case, although apparently non-homestead lands were involved, held: "* * * that the execution by the grantor in questioned instruments of later instruments, recognizing the prior instruments as valid and effective, operates as a complete ratification and validation of them, whether * * * void or voidable." Glasscock v. Farmers Royalty Holding Co., 5 Cir., 152 F.2d 537, 540. This view was approved by the Supreme Court of Texas in the Hodge case, supra. The principles decided in the last cited cases are determinative of the case at bar. In the Anglin case, the Jeffus case, and the other Texas Courts of Civil Appeals cases relied upon by plaintiffs, there were no circumstances, such as there are here, which constitute a ratification of the challenged instruments.

█ Even if the wife's acknowledgments of the deeds in question were deficient, when she and her husband thereafter jointly executed and duly acknowledged in the manner required by the Texas statute the mineral lease above referred to in which they recognized the questioned mineral deeds as valid conveyances, they thereby effectively ratified the latter and rendered them fully operative.

█ It also convincingly appears that the deeds in question were not proscribed executory contracts to convey homestead lands, but evidenced consummated and completed transactions, leaving nothing further to be done.

Affirmed.