**Joe D. FOSTER et al., Appellants,**

v.

**Wilfrid E. LESSING, Jr., et al., Appellees.**

No. 3818.

Court of Civil Appeals of Texas.

Waco.

May 18, 1961.

Rehearing Denied June 8, 1961.

Dunnam & Dunnam, Waco, for appellants.

Cureton & Lanham, Waco, for appellees.

McDONALD, Chief Justice.

This is a suit for specific performance of contracts to convey real estate. Trial was to a jury which rendered a verdict for plaintiffs on the issue submitted, and the Trial Court rendered judgment decreeing specific performance. Defendants appeal, contending: 1) The contract sued on was void by its own terms; 2) The contracts sued on were unenforceable by virtue of the Statute of Frauds because at the time of their execution they did not contain descriptions of the property to be conveyed.

Defendant Foster owned a tract of land that he wanted to sell. He was represented by a real estate agent named Allen. Allen interested 3 veterans who are the plaintiffs herein (Lessing, Anderson and Billington) to purchase the land under the Texas State Veterans Land Program through separate but simultaneous applications and contracts. The 3 plaintiffs each entered into a contract with defendant on the Land Board "Application and Contract of Sale" form. The Land Board Form is actually an application by the veteran to the Land Board for benefits under the Veterans' Land Program, and in addition is a contract of sale between the veteran as purchaser, and the land owner as seller. Pertinent parts of one of such instruments here involved follows: (All 3 are alike except as to the name of the buyer).

"Application and Contract of Sale
Texas Veterans' Land Program

| Void if Received by Veterans' Land Board After May 6, 1958 Application No. 10017. | Not Transferable |
|---|---|

"Received
"Jun 5 1958
"General Land Office

"State of Texas
"County of McLennan

"*Whereas* I, Wilfrid E. Lessing, Jr., a veteran, have complied with the requirements of the Veterans' Land Board, do hereby make application to purchase a certain tract of land hereinafter described and being located in McLennan County, Texas, which I have personally inspected, and

"*Whereas*, under the Provisions of Acts 51st Leg., R.S.1949, Ch. 318, as amended [Vernon's Ann.Civ.St. art. 5421m], a duly qualified Texas veteran may purchase land from the Veterans' Land Board of Texas, in accordance with the provisions of said Act, which is made a part of this contract for all purposes.

"*Now Therefore,* We, Joe D. Foster & Mildred G. Foster, whose mailing address is 3205 Live Oak Ave., Waco, Texas, hereinafter called 'seller' and Wilfrid Edward Lessing, Jr. (veteran)

whose mailing address is * * * who swears that he was a bona fide resident of the State of Texas at the time of entering into service, hereinafter called 'buyer,' do hereby make the following contract and agreement:

"1. That said buyer shall make with this contract one remittance to the Veterans' Land Board of $350.00 * * *.

"2. (The buyer agrees to submit certain proofs to the Veterans' Land Board, honorable discharge etc.)

"3. That for and in consideration of the mutual promises herein made, and the sum of $1.00 cash in hand paid, * * *, the seller agrees to sell and the buyer agrees to buy a certain tract * * * said land being more particularly described as follows: * * *

"4. * * *

"5. Buyer agrees to deliver to seller the sum of $7000.00, cash, in full payment contemporaneously with delivery by the seller of a good and sufficient general warranty deed to the above described property.

"6. Seller agrees that contemporaneously with the delivery of $7000.00 cash, he will deliver to buyer a good and sufficient general warranty deed to the above described property free and clear of all encumbrances.

"7. * * *

"8. It is agreed that buyer may transfer and assign this contract with all of the rights, powers, and privileges belonging thereto or issuing therefrom to the Veterans' Land Board of Texas for the purpose of resale to Wilfrid E. Lessing (veteran); provided, however, that this contract shall not be considered by the Veterans' Land Board if buyer fails to file this contract with the Veterans' Land Board within 30 days from the date of the last acknowledgment hereto, except for good cause shown, the time for filing may be extended by the Veterans' Land Board.

If assigned the Veterans' Land Board will by letter of commitment to the seller and buyer, signify the amount it will invest in completing the transaction. If the commitment is below the contract price, this agreement and contract shall become of no force and effect and shall not be binding on the parties hereto, unless the buyer elects to continue with the purchase with or without use of the commitment offer, but in no event shall any action for damages result from the failure of the Board to accept an assignment of this contract. After the Veterans' Land Board has issued its commitment, the term 'buyer' shall also apply to it whenever such term is applicable.

"9. * * *

"10. * * *

"11. This contract shall remain in full force and effect until 30 days from receipt by the Veterans' Land Board of written notice of cancellation from either party, but in no event will terminate before the *24th day of August, 1958*, except by written consent of both parties and notice thereof to the Veterans' Land Board of Texas. Veterans' Land Board reserves the right to cancel after acceptance of the assignment of the contract if the seller and the veteran purchaser fail to put forth reasonable effort to comply with the terms of the contract.

"Witness our hands this 24th day of April, 1958.

"/S/ Joe D Foster      /S/ Mildred G. Foster
      "Seller                    Spouse

          "/S/ Wilfrid Edward Lessing, Jr.
                      "Buyer"

(Here follow acknowledgments)

*"Assignment*

"State of Texas }
"County of McLennan }

"I, Wilfrid Edward Lessing, Jr., the buyer of the above described tract, do

solemnly swear that I desire to purchase the land for myself and that no other person is interested in the purchase thereof and do hereby assign and transfer to the Veterans' Land Board of Texas all of my right, title, and interest in and to the above contract of sale and the tracts of land described therein, subject to the terms and conditions herein stated, and subject to acceptance by said Board.

"This 29th day of April, 1958.

"Wilfrid Edward Lessing, Jr.

"Assignor (Veteran)"

(Here follows acknowledgment).

■ Defendant's 1st contention is that because the words "void if received by Veterans' Land Board after May 6, 1958," appear in the block at the top of the first page of the instrument, that the entire instrument is void since it was received by the Land Board after such date. It is our view that the instrument is as it is declared in its caption, an application to the Veterans' Land Board for participation in the benefits of the Veterans' Land program, and in addition, a contract of sale between a buyer and a seller. The specific verbage of this contract sets up in paragraph 11 that it shall remain in effect until August 24, 1958. Moreover, paragraph 8 provides that the buyer can continue the contract of purchase with or without participation by the Veterans' Land Board. Examination and reading of the instrument convinces us that the words "void if received after May 6th," in the box on the first page, (of the State Land Board Application form) has no application to the contract between buyer and seller portion of the instrument; but rather has application only to the "application to the Land Board" portion of the instrument. Defendant's first contention is overruled.

■ Defendant's second contention is that the contracts are unenforceable by virtue of the Statute of Frauds, because at the time of their execution they did not contain the description of the property to

be conveyed. The record reflects that the defendant Foster owned some 273 acres of land that he was desirous of selling for some $21,000; that real estate agent Allen was employed to sell the land; that a buyer was not obtained for the whole tract; and that it was decided to divide the tract into 3 portions and sell each for $7,000.00; that contracts were entered into with plaintiffs Lessing, Anderson and Billington for approximately 91 acres each out of the total tract; that the Land Board requires a survey and *correct* field note descriptions in such situations; that the County Surveyor of McLennan County was employed to survey the 3 tracts and prepare correct field notes for same; that at the time the contracts were actually signed, the surveyor had not completed the field notes; that the sellers authorized real estate agent Allen to insert the descriptions of the 3 tracts into the contracts when they were completed; that such descriptions were thereafter about a month later inserted into the contracts by real estate agent Allen.

The contracts as prepared and signed, and containing no description of the land involved were not so wholly void that they were not thereafter operative and effective by the insertion, if authorized by the seller, of a correct description of the land intended to be sold. Reserve Petroleum Co. v. Hodge, 147 Tex. 115, 213 S.W.2d 456, 7 A.L.R.2d 288; Glasscock v. Farmers Royalty Holding Co., 5 Cir., 152 F.2d 537.

■■ In the case at bar, plaintiffs plead the 3 contracts of defendants to sell to plaintiffs. Defendants filed no special exceptions to plaintiffs' pleadings. The proof showed that the contracts as executed on April 24, 1958 did not contain the field note descriptions for the reason that the surveyor had not completed them, but that the seller authorized the real estate agent to insert such descriptions into the contracts as soon as they were completed. The Trial Court submitted the issue to the jury whether or not the defendant (seller) authorized real estate agent Allen to insert the de-

scriptions of the 3 tracts in the contracts of plaintiffs after such contracts were signed by defendants. The jury answered this issue "*Yes*". It is true that defendants objected to the submission of such issue on the ground that such issue was not raised by the pleadings. We think that when plaintiffs plead a contract, and defendants levelled no special exceptions to such pleading, that plaintiffs were entitled to prove up their contract by proof that the field notes were inserted later by authorization of the seller, defendant. In the absence of special exceptions, the petition must be liberally construed in the pleader's favor and to support the judgment. Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50. Defendants' second contention is overruled.

The judgment of the Trial Court is affirmed.

WILSON, J., not participating.