**M. C. O'NEAL, Appellant,**

v.

**J. D. BALL et al., Trustees, Appellees.**

No. 3917.

Court of Civil Appeals of Texas.

Waco.

Nov. 9, 1961.

Rehearing Denied Nov. 30, 1961.

Howell Cobb, Orgain, Bell & Tucker, Beaumont, for appellant.

W. O. Bowers, Jr., Beaumont, for appellees.

WILSON, Justice.

Church trustees sued appellant in trespass to try title and to cancel a mineral reservation in his deed to them. Judgment was rendered after a non-jury trial cancelling the reservation, removing the cloud alleged to have been cast thereby on the trustees' title, and vesting in them the title to oil, gas and minerals. No findings or conclusions were requested or filed.

The fact issue presented is whether appellant as grantor had the reservation inserted in the deed after he executed it. Appellant says there is no evidence it was subsequently added, as the trustees alleged. Appellant's testimony was that he examined the deed form on April 28, 1953 and refused to sign it because it provided for no reservation of minerals, and that he did not acknowledge or execute it until May 1, when it contained the reservation. The notary's certificate recites he acknowledged execution of the deed on April 20. Since his testimony concedes the deed did not contain the provision on April 20 when the notarial certificate shows he had executed and acknowledged the instrument, the point is overruled. Reserve Petroleum Co. v. Hodge, 147 Tex. 115, 213 S.W.2d 456, 459, 7 A.L.R.2d 288; Southwest Bit. Co. v. Martinez, 135 Tex. 347, 143 S.W.2d 116, 118; Griffin v. Stewart, Tex.Civ.App., 348 S.W.2d 800, 803; Gomez v. Riddle, Tex. Civ.App., 334 S.W.2d 197, 199, no writ; Thrasher v. Cothren, Tex.Civ.App., 104 S.W.2d 523, 524, no writ; 1 Tex.Jur.2d, pps. 432, 445, 447. There is other evidence to sustain the finding implied. Appellant's complaint as to other evidence admitted in this trial before the court becomes immaterial.

Limitation under the four year statute, Art. 5529, Vernon's Ann.Civ.Stat., is relied on to defeat the trustees' action. The suit was filed in 1960. The evidence shows appellees first had actual knowledge of the reservation in 1959. Appellant's position is based on Sherman v. Sipper, 137 Tex. 85, 152 S.W.2d 319, 321, 137 A.L.R. 263, where one claims fraud concerning title and "when the records relating to such title are open to him he must exercise reasonable diligence to discover such defect; and if by the exercise of such diligence he could have discovered such defect and would have known of his right, he is held to have known it, and limitation will run against his claim from the time he could have made such discovery by the exercise of ordinary diligence."

The burden was on the trustees under that rule to establish facts which excused their failure to act within the statutory period. Sherman v. Sipper, above; Mathis v. Stockdick, Tex.Civ.App., 189 S.W.2d 106, 108, writ ref.; Clopton v. Cecil, Tex.Civ.App., 234 S.W.2d 251, 253, writ ref. n. r. e.; Carminati v. Fenoglio, Tex.Civ.App., 267 S.W.2d 449, 452. To discharge this burden they alleged and proved that at no time during negotiations for purchase of the property, nor at the time of agreement on terms of sale, was reservation of minerals mentioned; that neither the deed of trust or vendor's lien note to appellant signed by them, nor the release of lien to them, referred to minerals; that appellant induced the scrivener to insert the reservation in the deed without notice to them; that they did not read the deed, but relied on appellant to execute a deed conveying the same property agreed upon, as described in the note and deed of trust, which they did read. They alleged and introduced evidence sustaining the

finding the reservation was inserted without notice to them, after execution of the deed by grantor.

Appellant admitted he went with one of the trustees, Resch, to an abstract company which had previously done work for both parties; that he "gave an order to someone" in the office, and "told him the terms of sale"; and that he did not give the scrivener any instruction at that time, while the church trustee was present, to insert a mineral reservation in the deed. He conceded that when he later returned to the office the deed did not contain the provision and when he told the drafting attorney he wouldn't sign the deed without it, the attorney replied positively, "you will have to see Mr. Resch about that." Appellant answered, "I know I will." He did not do so; he did not mention to any trustee that minerals were reserved in the deed until after this suit was filed. The scrivener was not living at time of trial. Appellant asserted he had previously told a member of the church, not a trustee, that he could not sign the deed without reserving minerals. This member denied having any conversation with appellant.

No trustee ever saw or read the deed appellant signed. He left the instrument with the abstract company, and it was never physically delivered to the church or its trustees. The practice of the company, followed in this instance, was to "send the deed up to be recorded, and it comes back to us, and we file it in our files, and until the people call for it we keep it." Six years after the deed was so dealt with, oil activity developed in the area and appellant's conversations with the church treasurer implying the minerals had been reserved then caused the church to search for the deed. Examination by the trustees of a certified copy revealed existence of the provision, and this litigation ensued.

■ Appellant says the abstract company was agent for the church, and actual notice to the company of the contents of the deed was imputed. The only employee of the abstract company shown by the evidence to have such knowledge was the deceased attorney who prepared the deed. The abstract company was not authorized to draft a conveyance. Art. 320a–1, Vernon's Ann.Tex.Civ.Stat.; Hexter Title & Abstract Co. v. Grievance Committee, 142 Tex. 506, 179 S.W.2d 946, 951, 157 A.L.R. 268. The evidence supports the implied finding the attorney acted as appellant's agent.

Appellees established facts, in our opinion, which the court properly determined excused failure of the church to act within the statutory period.

■ Laches is relied on to overturn the judgment. No precise date is fixed by the evidence on which the church actually discovered the grantor had attempted to retain minerals in the deed; the year 1959 is all that is specified. Suit was filed Jan. 15, 1960. The vendor's lien notes have been discharged and the rights of no third party have intervened. The record justified the court in rejecting the defense. Other contentions do not require reversal. Affirmed.