**J. R. BARNES, Appellant,**

v.

**Jessie Willard BRYAN, Appellee.**

No. 16373.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 28, 1962.

Grover Sellers, Sulphur Springs, Turner, Rodgers, Winn, Scurlock & Terry, George S. Terry and Robert W. Calloway, Dallas, for appellant.

Ramey, Ramey & Neal, J. R. Ramey and Jack G. Neal, Sulphur Springs, for appellee.

RENFRO, Justice.

Our opinion of November 30, 1962, is hereby withdrawn and the following rendered in lieu thereof:

Plaintiff Bryan, buyer, brought suit against defendant Barnes, seller, for specific performance of a contract of sale of land.

Trial to the court without a jury resulted in a judgment for plaintiff, which decreed specific performance by the defendant.

On appeal the defendant raises the point that a judgment of specific performance was erroneous because the Veterans' Land Board was not before the court.

Plaintiff and defendant executed a written contract on May 31, 1961, in which plaintiff agreed to buy and defendant agreed to sell two tracts of land therein described by metes and bounds. September 28, 1961, was the last day for performance of the contract. For purpose of contracting, the parties used a form designated "Application and Contract of Sale Texas Veterans' Land Program".

Under the terms of the contract the plaintiff assigned to the Veterans' Land Board, subject to its acceptance, all of his right, title and interest in said contract.

The Land Board accepted the contract. It issued its purchase commitment and issued its warrant in the sum of $7,500 for the purchase of the land.

All parties are necessary to a proceeding in equity that may be directly or indirectly involved in order that full and complete relief may be accorded the plaintiff or to enable the defendant thereto to present his defense so as to secure the full benefit thereof in resisting the relief sought by the plaintiff. Montgomery v. Owen, Tex.Civ. App., 37 S.W.2d 1107; 32 Tex.Jur., p. 19, § 11.

On the 27th of September the Board's attorney notified defendant that all was in readiness for closing the transaction the next day. Defendant refused to close the transaction.

Upon defendant's failure to perform, plaintiff brought the instant suit.

"Since the Veterans' Land Board, a necessary party, was not made a party to the suit, the cause is reversed and remanded.