**Arlen O. BARKSDALE, et ux.,**
**Appellants,**

v.

**Gary M. HAILEY, et ux., and Veterans Land Board of the State of Texas, Appellees.**

**No. 18498.**

Court of Appeals of Texas, Fort Worth.

Nov. 5, 1981.

Rehearing Denied Dec. 10, 1981.

Gary Hagman, Weatherford, for appellants.

Jordan & O'Shaughnessy, Timothy J. O'Shaughnessy, Weatherford, for appellees.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

MASSEY, Chief Justice.

Gary M. Hailey and his wife, plaintiffs below, sued Arlen O. Barksdale and wife for specific performance of a contract to convey real estate. Hailey, a qualified veteran, had applied for and received commitment on the financing arrangements for the purchase through the State's Veterans Land Program. Hailey, through his attorneys, having received what purported to be official permission of Veterans Land Board (VLB) of the State, joined the VLB as plaintiff in the original pleading.

Trial was to the court without intervention of a jury, and following final hearing judgment was rendered and entered in favor of all plaintiffs, ordering the Barksdales to convey the property to the Veterans Land Board and to supply owners title insurance commitment and affidavit as to debts and liens, all as provided by the contract upon which suit had been brought. (Additionally spelled out was the duty of the VLB to pay or cause to be paid to the clerk of the court the purchase price of the property to be disbursed to Barksdale, et ux., in accordance with the terms of the settlement statement for the purchasers and sellers on file in the cause. On this nothing exists as to which there is complaint and it is here merely noticed). Fur-

thermore, the court gave judgment to the Haileys against the Barksdales for attorney's fees, viz: $5,000.00 for services rendered through trial; $2,000.00 additionally for defending any appeal of the cause to the Court of Appeals; and, $2,000.00 additionally for defending any appeal to the Supreme Court of Texas.

Therefrom the Barksdales have brought their appeal.

We affirm.

Although there have been changes in the form used in transactions relative to sale and purchase of land under the Texas State Veterans Land Program, there is no occasion for distinction of the form used from that which was the subject of discussion in the case of *Foster v. Lessing*, 346 S.W.2d 939 (Tex.Civ.App.—Waco 1961, writ ref'd n.r.e.). Here, as in *Foster*, there was a use of substantially the same stamp, reading: "Void if received by Veterans' Land Board after ..." [November 13, 1978.] Here, as in *Foster*, a seller has sought to remove the onus of some other portion of the contract by seeking to have sustained the contention that the language of the "stamp" supplied an effective defense to a purchaser's suit to bind a seller upon his agreement to convey title to real estate contained in the same instrument. In *Foster* the court held that the contract was dual in nature and for purposes at issue divisible so that one contract was (independently) that of the seller to make conveyance of the title.

■ We agree with the decision and the holding of the Waco court in *Foster, supra,* and hold identically in this case that the "stamp" on the face of the contract is without application to the contract as between the Haileys and Barksdales on the purchase and sale. The contract, valid and enforceable as applied to the obligations of these parties therein specified, continued in effect despite expiration of time beyond the date specified by the stamp.

A complaint is made of the court's decree in that the Barksdales were ordered to make specific performance by warranty deed to VLB as grantee (rather than to the Haileys). We need write no more upon the point other than to observe that by the terms of the contract the Barksdales' contracted performance was that they convey the subject property to the Veterans Land Board.

Relying on *Barnes v. Bryan*, 363 S.W.2d 867 (Tex.Civ.App.—Fort Worth 1962, no writ), the Barksdales build on their contention that there is error in the judgment in that the VLB, a necessary party to the suit, is absent in proper capacity because they were not represented by the Attorney General. It is true that under the particular VLB contract under consideration in *Barnes*, this court did hold the VLB to be a necessary party. In that case the contract sued upon by Bryan, to exact specific performance of Barnes, was one where under the terms of the contract Bryan had assigned to the VLB, subject to its acceptance, all his right, title, and interest in said contract. That is not true as applied to the contract sued upon in this case by the Haileys. That contract is one which provides, as follows:

"It is agreed that the veteran [Hailey] *may* transfer and assign this contract ... to the Veterans' Land Board of the State of Texas so that the Board *may* take title to the above described property and resell said property to the veteran pursuant to the provisions of the Texas Veteran's Land Act. The Board, however, reserves the right to decline to accept an assignment of this contract without liability of any character." (Emphasis ours.)

■ Because in *Barnes, supra*, the plaintiff had assigned his right to exact specific performance to the VLB the Attorney General, charged with the duty to enforce rights of the VLB as an arm of the State, of necessity became obliged to appear before the court as advocate of these rights as against Bryan. Under the circumstances there obtaining no counsel other than the Attorney General might appear and seek to enforce a right of the State. Here the Haileys might have an independent right to enforce the Barksdales' specific performance. In this case the VLB truly seeks no

enforcement (leaving that to the Haileys) and, it might be said, stands as "stakeholder" ready to afford money consideration for the Barksdales according to decree of the court—should that decree be for the Haileys as against them. The Barksdales would have every right to which they might claim entitlement should they receive that consideration. It is shown as part of the record that, officially, the VLB has ever stood ready to pay the Barksdales the consideration to which they are entitled upon consummation of the contract. It furthermore permitted (or purported to permit) the Haileys to name it as a plaintiff represented by the Haileys' attorney.

Perhaps there is want of regularity, but conceding its nature so to be nevertheless the case is one in which the Barksdales are not privileged to complain because they could not have suffered prejudice thereby. A different method might have been adopted by which the VLB would be shown to stand in readiness to make compensation (should it be entitled to receive that title it had agreed to take for the benefit of Hailey), but in any event the Barksdales stand assured by the method adopted and by the judgment roll that they are not and will not be subject to additional liability of any kind to the State of Texas or its VLB on the transaction upon which they were sued and as applied to which the judgment was rendered.

The circumstances are such that the trial court could not be said to have committed reversible error. (Actually it is quite apparent that it is to the interest of State economy and efficiency to handle a case such as this by the method adopted).

The award of attorney's fees in the case was sought by authority of the provisions of Tex.Rev.Civ.Stat.Ann. art. 2226 "Attorney's Fees" (Supp. 1980–81). There is not a contention that the statute is wholly without application under the facts of the case, the only complaint being that there was no evidence of "presentment" and expiration of time thereafter without the Barksdales' "tender", before the suit was filed. Art. 2226 provides that where the suit is one founded upon oral or written contract, those who are entitled to payment may "present" the claim to be made the basis of a suit, in the event of nonpayment to the person who should discharge the liability, and, if, at the expiration of thirty days thereafter there has been no tender of the just amount owing, they may recover attorney's fees when represented by an attorney. There is no complaint of the amount of the attorney's fees awarded.

The pleadings of the Haileys satisfy the requirement that the elements under art. 2226 must be plead. The question then is solely whether there was evidence in support. The only evidence is by an attorney for the Haileys, a member of the firm of attorneys employed. At the direct-examination stage said attorney's testimony did support the finding made by the trial judge that there was timely oral "presentment". On cross-examination the effect of answers elicited from the same witness was to negate his testimony concerning the same matter on direct-examination. The attorney stated that there "probably was not presentment", and if there had been "presentment" by another in like capacity as attorney for the Haileys—of which the witness had no doubt—it was nevertheless known by him only through hearsay.

Nevertheless, the evidence was "both ways" in that on the one hand the witnesses testimony supported the issue of timely "presentment" while on the other it showed absence of support by evidence of any "presentment". It is an old and familiar rule that the fact finder may resolve conflicts and inconsistences of any one witness as well as of different witnesses. *Webb v. Jorns*, 488 S.W.2d 407, 411 (Tex. 1972); *Ford v. Panhandle & Sante Fe Ry. Co.*, 151 Tex. 538, 252 S.W.2d 561 (1952); *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951); *Rose v. O'Keefe*, 39 S.W.2d 877 (Tex.Com.App.1931). By this rule we are obliged to hold there is evidence to support the finding of timely "presentment" in this case and by such evidence support for the judgment for attorney's fees.

Affirmed.